Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

JOSE MAZRIEGOS, individually and on behalf of all others
similarly situated,

|  |  |
|---|---|
| Plaintiff, | **COLLECTIVE ACTION COMPLAINT** |
| -against- | **JURY TRIAL DEMANDED** |
| BOEUF & BUN CORP. and TZEMACH WOOLSTONE, as an individual, |  |
| Defendants. |  |

-----------------------------------------------------------------------X

1. Plaintiff, **JOSE MAZRIEGOS, individually and on behalf of all others similarly situated**, (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

2. Plaintiff, **JOSE MAZRIEGOS, individually and on behalf of all others similarly situated**, through undersigned counsel, brings this action against **BOEUF & BUN CORP. and TZEMACH WOOLSTONE, as an individual**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment BOEUF & BUN CORP., located at 271 Kingston Avenue, Brooklyn, NY 11213.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

1

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

**THE PARTIES**

8. Plaintiff JOSE MAZRIEGOS residing at 10-31 Beach 19th Street, Far Rockaway, New York, 11691, was employed by the Defendant at BOEUF & BUN CORP. from in or around September 2016 until in or around March 2020.

9. Defendant, BOEUF & BUN CORP. is a corporation organized under the laws of New York with a principal executive office at 271 Kingston Avenue, Brooklyn, NY 11213.

10. Defendant, BOEUF & BUN CORP. is a corporation authorized to do business under the laws of New York.

11. Upon information and belief, Defendant TZEMACH WOOLSTONE owns and operates BOEUF & BUN CORP.

12. Defendant TZEMACH WOOLSTONE is an agent of BOEUF & BUN CORP.

13. Upon information and belief, Defendant TZEMACH WOOLSTONE has power over personnel decisions at BOEUF & BUN CORP.

14. Upon information and belief, Defendant TZEMACH WOOLSTONE has power over payroll decisions at BOEUF & BUN CORP.

15. Defendant TZEMACH WOOLSTONE has the power to hire and fire employees at BOEUF & BUN CORP. establish and pay their wages, set their work schedule, and maintains their employment records.

16. During all relevant times herein, Defendant TZEMACH WOOLSTONE was Plaintiff's employer within the meaning of the FLSA and NYLL.

17. On information and belief, BOEUF & BUN CORP. is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

18. Plaintiff JOSE MAZRIEGOS was employed by Defendants at BOEUF & BUN CORP. from in or around September 2016 until in or around March 2020.

19. During Plaintiff JOSE MAZRIEGOS' employment by Defendants at BOEUF & BUN CORP. Plaintiff's primary duties were as a line cook, food preparer, and kitchen worker, and performing other miscellaneous duties from in or around September 2016 until in or around March 2020.

20. Plaintiff JOSE MAZRIEGOS was paid by Defendants approximately $10.00 per hour from in or around September 2016 until in or around December 2018, approximately $11.00 per hour from in or around January 2019 until in or around December 2019, and approximately $12.00 per hour from in or around January 2020 until in or around March 2020.

21. Plaintiff JOSE MAZRIEGOS worked approximately seventy-five (75) or more hours per week at BOEUF & BUN CORP. during the months of November through March during his employment with Defendants.

22. Plaintiff JOSE MAZRIEGOS worked approximately sixty-nine (69) to seventy-five (75) or more hours per week at BOEUF & BUN CORP. during the months of April through October during his employment with defendants.

23. Although Plaintiff JOSE MAZRIEGOS worked approximately sixty-nine (69) to seventy-five (75) or more hours per week during his employment by Defendants,

Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

24. Furthermore, Plaintiff JOSE MAZRIEGOS worked approximately thirteen (13) or more hours per day, five (5) days a week from in or around September 2016 until in or around March 2020, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

25. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

26. Upon information and belief, Defendants willfully failed to keep accurate payroll records as required by both NYLL and the FLSA.

27. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff brings this action on behalf of himself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are the collective class.

29. Collective Class: All persons who are or have been employed by the Defendants as line cooks, food preparers, and kitchen workers or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wage compensation.

30. Upon information and belief, Defendants employed approximately 10-15 employees within the relevant time period who were subjected to similar payment structures.

31. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

32. Defendants' unlawful conduct has been widespread, repeated, and consistent.

33. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.

34. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

35. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class.  There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit.  Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

36. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

37. The claims of Plaintiff are typical of the claims of the putative class.

38. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.

39. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

40. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

41. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

42. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

43. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

44. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

45. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

46. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

47. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

48. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

49. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

50. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as

reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION
**Spread of Hours Compensation Under New York Labor Law**

51. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

52. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y.C.R.R. § 142-2.4

53. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 663 (1).

### FOURTH CAUSE OF ACTION
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

54. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

55. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

56. Defendants are liable to Plaintiff in the amount of $5,000.00 each, together with costs and attorneys' fees.

### FIFTH CAUSE OF ACTION
**Violation of the Wage Statement Requirements of the New York Labor Law**

57. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

58. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)

7

59. Defendants are liable to Plaintiff in the amount of $5,000.00 each, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

    a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

    b. Awarding Plaintiff unpaid overtime wages;

    c. Awarding Plaintiff unpaid spread of hours compensation;

    d. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

    e. Awarding Plaintiff prejudgment and post-judgment interest;

    f. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

    g. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: This 25th day of August 2020.

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSE MAZRIEGOS, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

BOEUF & BUN CORP. and TZEMACH WOOLSTONE, as an individual,

Defendants.

SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**
**BOEUF & BUN CORP.**
**271 KINGSTON AVENUE,**
**BROOKLYN, NY 11213**

**TZEMACH WOOLSTONE**
**575 E NEW YORK AVENUE APT 1A**
**BROOKLYN, NY 11225**