

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415

Tel. (718) 263-9591 Fax. (718) 263-9598

April 27, 2021

**Via ECF**
The Honorable Judge Sanket J. Bulsara
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **Mazariegos v. Boeuf & Bun Corp., et al.**
    **20-CV-3934 (SJB)**

Dear Judge Bulsara:

Our office represents Jose Mazariegos ("Plaintiff") and we submit this motion jointly with counsel for Boeuf & Bun Corp. and Tzemach Woolstone (collectively, "the Defendants"), requesting the Court's approval of the parties' settlement agreement. The Settlement Agreement, attached hereto as **Exhibit 1**, was achieved through the parties' multiple Court-annexed mediation sessions held on January 27, 2021 and February 17, 2021.

The parties submit this motion in support of their position that the Settlement Agreement is fair and reasonable and does not raise any of the concerns cited in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The parties address the monetary and non-monetary terms as well as Plaintiff's counsel's requested attorneys' fees and respectfully request that the Court So Order or approve the Settlement Agreement.

## I.   The Monetary Terms of the Settlement Agreement are Fair and Reasonable

### a.  The Settlement Amount

The parties agreed to resolve all claims asserted in this action, including Plaintiff's counsel's attorneys' fees, for the total amount of $50,000.00 in ten monthly installments following Court approval of the Settlement Agreement.

### b. Plaintiffs' Position

Plaintiff is a former employee of Defendants who brought this action alleging overtime wage violations of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). Plaintiff alleged that he was employed by Defendants as a line cook and food preparer from in or around September 2016 until in or around March 2020. Plaintiff further alleged that he worked sixty-nine (69) to seventy-five (75) hours per week but that he was paid the same regular hourly rate of pay for all hours worked, including those in excess of forty hours per week. Plaintiff alleged that was owed approximately $52,000.00 in unpaid overtime wages.

Lastly, Plaintiff alleged that he was compensated by cash payments and was entitled to recovery under NYLL §195 for Defendants' failure to provide proper wage notices and wage statements.

Although Plaintiff was confident that he could succeed on all of his claims at trial, Plaintiff recognized the risks of continuing litigation. Plaintiff recognized the factual disputes as to the dates of his employment, hours worked per week, and rates of pay received. That these factual disputes would not have been resolved until the time of trial, at an uncertain date in the distant future, favored Plaintiff's decision to resolve his claims at mediation and recover a sum certain in monthly installments shortly after receiving Court approval of the Settlement Agreement. Additionally, Plaintiff considered the purported financial status of the Defendants, including the fact that the restaurant had been closed or operating in a limited capacity for nearly one year at the time of settlement due to Covid-19 restrictions, and whether Plaintiff could ultimately collect from a larger judgment should he have been successful at the time of trial.

### c. Defendants' Position

Defendants deny Plaintiff's allegations in their entirety. Specifically, Defendants maintained detailed time records of Plaintiff's hours and posit that Plaintiff was lawfully compensated for the full scope of the services he performed. Defendants agreed to this settlement solely to avoid the significant costs associated with litigating this case to a successful conclusion. Were this case to be litigated, Defendants are confident that Plaintiff would not have been awarded any damages.

### d. The Settlement Amount is Fair and Reasonable

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id*. (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id*. (citations omitted).

The parties have agreed to settle all claims asserted in this matter for $50,000.00. The parties believe that this amount is reasonable considering Plaintiff's claims and the defenses maintained by Defendants in this matter and the fact that the terms of the Settlement Agreement

was achieved following multiple mediation sessions with the assistance of an experienced and highly qualified wage-and-hour neutral selected from the Court's mediation panel.

The parties had genuine, bona fide disputes over the number of hours worked by Plaintiff, the wages paid to Plaintiff and the dates of Plaintiff's employment, but both sides made compromises on their positions in order to achieve a fair and reasonable settlement. The settlement will allow Plaintiff to recover a significant percentage of his alleged unpaid wages, which were strongly disputed by Defendants.

## II.     **The Non-Monetary Terms of the Settlement Agreement are Fair and Reasonable**

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).

Here, the release in Paragraph 3 of the Settlement Agreement ("Release") is narrowly-tailored to "wage and hour claims, including but not limited to, claims under the FLSA and NYLL…" The Release does not raise any concerns regarding unequal bargaining power between Plaintiff and Defendants and the Release is not overbroad such that there is a concern that Plaintiff is releasing any and all possible claims against Defendants, including claims unrelated to those asserted in this action.

Furthermore, the Settlement Agreement does not contain any confidentiality provision that would otherwise preclude Plaintiff from openly discussing his experiences litigating this matter as rejected by *Cheeks*.

As the Release is carefully drafted to comply with Second Circuit case law in FLSA matters and there is no confidentiality clause contained in the Settlement Agreement, the parties' position is that the non-monetary terms of the Settlement Agreement are also fair and reasonable and comport with the standards articulated in *Cheeks*.

## III.    **Distribution to the Plaintiff and Requested Attorneys' Fees and Expenses**

### a.  Distribution to the Plaintiff

The parties agreed to a global settlement of $50,000.00 to resolve all claims asserted in this action. If the Agreement is approved by the Court, Plaintiff will recover $32,590.00.

### b.  Requested Attorneys' Fees and Expenses

Plaintiff's counsel respectfully requests $1,115.00 for identifiable expenses, which include:

- the Eastern District of New York filing fee in this matter: $400.00
- the costs of service of the Summons and Complaint on all Defendants in this matter: $128.00

- the cost of the Court-annexed mediation held on March 12, 2021: $587.00

Plaintiff's counsel respectfully requests one-third of the settlement less their identifiable expenses ($48,885.00), or $16,295.00 in attorneys' fees, as agreed upon in the Plaintiff's retainer agreement with this firm. Therefore, if this request is approved, the total amount to be paid to the attorneys for their fees and expenses in this matter is $17,410.00.

**Settlement Amount:** $50,000.00
**Attorneys' Expenses:** $1,115.00
**Settlement less Expenses:** $48,885.00 ($50,000.00 - $1,115.00)
**Requested Attorneys' Fees:** $16,295.00 ($48,885.00 / 3)
**Total payable to Attorneys:** $17,410.00 ($16,295.00 + $1,115.00)
**Total payable to Plaintiff:** $32,590.00 ($50,000.00 - $17,410.00)

Plaintiff's attorneys and their client have retainer agreements that are reduced to writing and are signed by the clients. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). Courts in this District typically approve a fee of one-third or less of the settlement amount. *See Santos v. Yellowstone Props, Inc.*, 2016 WL 2757427 at *4 (S.D.N.Y. May 10, 2016).

This request for attorneys' fees is supported by the work performed by Plaintiff's counsel throughout the litigation of both matters and the recovery secured through their efforts. Plaintiff's counsel has zealously advocated for their client throughout the litigation process and believe that the settlement amount secured is a product of their efforts. Furthermore, the fee requested is reasonable in relation to the recovery received by Plaintiffs.

**IV.   Closing**

In closing, the parties believe that the settlement amount and the terms of the Agreement are fair and reasonable. The settlement was the product of careful negotiation between experienced counsel with the assistance of an experienced and qualified neutral and the terms of the Settlement Agreement comport with Second Circuit case law. As such, we respectfully request that the Court approve the Settlement Agreement.

We thank the Court for its consideration and remain available to provide any additional information.

Respectfully submitted,

*James O'Donnell*
James O'Donnell, Esq.